**ORAL ARGUMENT REQUESTED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZACHARY LEWY, JOHN LEE, ERIC KLEMENT, AND BENJAMIN L. PADNOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

SKYPEOPLE FRUIT JUICE, INC., RODMAN & RENSHAW, LLC, BDO LIMITED, CHILD VAN WAGONER & BRADSHAW, PLLC, YONGKE XUE, HONGKE XUE, XIAOQIN YAN, SPRING LIU, NORMAN KO, GUOLIN WANG, ROBERT B. FIELDS, AND JOHN SMAGULA,

Defendants.

11 Civ. 2700 (PKC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHILD VAN WAGONER & BRADSHAW, PLLC'S MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

DUANE MORRIS LLP
Anthony J. Costantini (AJC-6633)
Marvin G. Pickholz (MP 7097)
Susan Jo (SJ 1974)
Kevin P. Potere (KP 7711)
1540 Broadway
New York, New York 10036
Telephone: 212-692-1000
Facsimile: 212-692-1020

*Attorneys for Defendant*
*Child Van Wagoner & Bradshaw, PLLC*

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ....................................................................................1

OVERVIEW OF THE AMENDED COMPLAINT ....................................................3

ARGUMENT ..........................................................................................................6

I. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST CWB ....................6

A. Legal Standard ........................................................................................ 6

B. The Amended Complaint Fails to Plead a Misstatement with Sufficient Facial Plausibility under *Twombly* ........................................................ 7

C. CWB's Alleged Violations of Subjective PCAOB Standards are Insufficient to State a Claim under Section 11 ........................................ 11

D. Reasonableness is an Affirmative Defense, not an Independent Basis for a Claim Under Section 11 ........................................................ 13

E Plaintiffs' Section 11 Claim Against CWB Should Be Dismissed For Lack of Standing ........................................................................ 13

F. The Amended Complaint Should Be Dismissed With Prejudice ........................ 14

CONCLUSION ........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Adair v. Kayer Kotts Associates Inc.*,
No. 97 Civ. 3375, 1998 WL 142353 (S.D.N.Y. Mar. 27, 1998) ....................................13

*In re AOL Time Warner, Inc. Sec. and ERISA Litig.* ,
381 F. Supp. 2d 192 (S.D.N.Y. 2004)....................................................................10

*In re AOL Time Warner, Inc. Sec. Litig.*,
503 F. Supp. 2d 666 (S.D.N.Y. 2007)....................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009)......................................................................6

*In re AXIS Capital Holdings Ltd. Sec. Litig.*,
456 F. Supp. 2d 576 (S.D.N.Y. 2006)......................................................................9

*In re Barclays Bank PLC Sec. Litig.*,
No. 09 Civ. 1989 (PAC), 2011 WL 31548 (Jan. 5, 2011) ...........................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007)..................................................................... 6-7

*Caiafa v. Sea Containers Ltd.*,
331 Fed. Appx. 14 (2d Cir. 2009) ...........................................................................9

*In re Charles Schwab Corp. Sec. Litig.*,
257 F.R.D. 534 (N.D. Cal. 2009)..........................................................................11

*Conley v. Gibson,*
355 U.S. 41, 78 S. Ct. 99 (1957)..............................................................................6

*Coppage v. U-Haul Int'l, Inc.*,
No. 10 Civ. 8313 (RMB), 2011 WL 519227 (S.D.N.Y. Feb. 15, 2011)..............................8

*Cuoco v. Moritsugu*,
222 F.3d 99 (2d Cir. 2000).....................................................................................14

*Dutton v. Harris Stratex Networks, Inc.*,
270 F.R.D. 171 (D. Del. 2010) ..............................................................................11

*Fait v. Regions Fin. Corp.*,
655 F.3d 105 (2d Cir. 2011)....................................................................................10

*Garber v. Legg Mason Inc.*,
347 Fed. Appx 665 (2d. Cir. 2009) ........ 6-7

*Henry v. Davis*,
No. 10 Civ. 7575 (PAC) (JLC), 2011 WL 5006831 (S.D.N.Y. Oct. 20, 2011) ........ 14

*In re JP Morgan Chase Sec. Litig.*,
363 F. Supp. 2d 595 (S.D.N.Y. 2005), *aff'd*, 553 F.3d 187 (2d Cir. 2009) ........ 9

*Katz v. China Century Dragon Media, Inc.*,
No. LA CV11-02769(JAK), 2011 WL 6047093 (C.D. Cal. Nov. 30, 2011) ........ 7

*In re Lehman Brothers Sec. and ERISA Litig.*,
No. 08 civ. 5523 (LAK), No. 09 MC 2017(LAK), 2011 WL 3211364 (S.D.N.Y. July 27, 2011) ........ 12

*N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,*
No. 08 Civ 5653, 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ........ 10

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) ........ 9

*In re Ultrafem Inc. Sec. Litig.,*
91 F. Supp. 2d 678 (S.D.N.Y. 2000) ........ 9

*Virginia Bankshares v. Sandberg,*
501 U.S. 1083, 111 S. Ct. 2749 (1991) ........ 10

**Statutes**

11 U.S.C. § 77k(b)(3) ........ 13

15 U.S.C. §§ 77(a),(k),(l) ........ 7

15 U.S.C. § 77k ........ 4-5

15 U.S.C. § 77k(a) ........ 6

15 U.S.C. § 77k(a)(4) ........ 13

15 U.S.C. § 78u-4(b)(2) ........ 9

**Rules**

Fed. R. Civ. P. 9(b) ........ 9-10

Fed. R. Civ. P. 12(b)(1) ........ 3, 14

Fed. R. Civ. P. 12(b)(6) ........ 6

**Other Authorities**

Web Newswire, *Benjamin Wey: Expert's Views on SAIC and SEC Filing Discrepancies,* Aug. 11, 2011 ........ 8

Morningstar, *Suspicions Surround China Gerui Seem Baseless, But We Hope To Hear More From Management*, Oct. 28, 2011 ........ 8

Defendant Child, Van Wagoner & Bradshaw, PPLC ("CWB") respectfully submits this Memorandum of Law in support of its motion to dismiss with prejudice the "First Claim" of Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws dated November 28, 2011 ("Amended Complaint") insofar as that claim purports to assert a claim against CWB.

## SUMMARY OF ARGUMENT

On November 14, 2011, CWB's counsel wrote to the Court asking for a pre-motion conference in anticipation of CWB's Motion to Dismiss the Consolidated Class Action Complaint dated October 3, 2011 (the "Complaint") against it. (Declaration of Anthony J. Costantini dated December 21, 2011 ("Costantini Decl."), Ex. A). In essence, this letter pointed out that (i) the vast bulk of the Complaint was directed to others' claimed misstatements about a related party transaction occurring in 2009 that CWB was not alleged to be associated with; (ii) there was no allegation against CWB by the so-called Exchange Act Class (consisting of open market purchasers); (iii) the only allegations against CWB were made by the so-called Secondary Offering Class (consisting of those who claim to have brought pursuant to a Registration Statement) and revolved around the fact that the CWB audit report ("Audit Report") on the December 31, 2008 SkyPeople Fruit Juice Inc. ("SkyPeople") financial statements was included in an August 24, 2010 Registration Statement ("Registration Statement") that the putative class purportedly relied upon; (iv) there was no specification as to what misstatement was made by CWB or how its Audit Report deviated from professional standards; and (v) the claim that there was some disparity between Chinese 2008 regulatory filings, prepared under Chinese accounting principles, and the audited 2008 financial statements in the Registration Statement, prepared under U.S. accounting principles, was not an adequate claim against CWB.

On November 15, 2011, this Court, upon receipt of CWB's letter and similar letters from counsel for other defendants, gave plaintiffs the opportunity to file an Amended Complaint to address the various pleading deficiencies that had been noted by defendants consistent with recent judicial decisions. (Costantini Decl., Ex. B). The Amended Complaint was filed on November 28 and does very little to cure the deficiencies of the original Complaint.

The original Complaint, which mainly alleged the inclusion of the CWB's 2008 Audit Report in the 2010 Registration Statement and the disparity between the 2008 financial statements prepared under U.S. GAAP and those filed under Chinese regulatory accounting principles, was plainly insufficient as no misstatement by CWB was specified. To "bridge" this gap, plaintiffs now "identify" a CWB misstatement, as they must to have a Section 11 claim: CWB's claimed misstatement is that it lied in its audit report when it said that it performed its audit under the audit standards of the Public Company Accounting Oversight Board ("PCAOB"). The supposed deviation from the audit standards is that CWB could not have adequately tested SkyPeople's sales since there was such a great disparity between the GAAP-based financial statements and the Chinese regulatory statements. The reasoning is circular. In essence, the "bridge" is no "bridge" at all; it is just another way of saying that CWB is somehow at fault for the disparity between the accounting principles of two sovereign nations. The thought that the accounting principles might differ, or that Chinese regulatory requirements might compel a different result, is completely lost.

Further, the putative class representative of the Secondary Offering Class apparently did not read the Registration Statement he claims to have relied upon, because the text makes it quite clear that a disparity exists:

> "The consolidated financial statements are prepared in accordance with U.S. GAAP. This basis differs from that used in the statutory

> accounts of [the SkyPeople entities], which were prepared in accordance with the accounting principles and relevant financial regulations applicable to enterprises in the [People's Republic of China] . . . . (Costantini Decl., Ex. C at 46).

Given that the attentive reader is charged with knowledge of the GAAP-regulatory disparity, CWB remains at a loss at what it might have done wrong since it opined only on whether SkyPeople's 2008 financial statements were prepared in accordance with U.S. accounting principles.

The Amended Complaint also fails to identify sufficiently objective PCAOB standards that CWB allegedly failed to follow. Instead, the plaintiffs employ the same sort of circular logic courts have rejected in the past. Finally, in a desperate attempt to make some sort of claim stick against CWB, the Amended Complaint attempts to convert the statutory affirmative defense of reasonable and diligent investigation into an independent basis for a cause of action under Section 11. Given that plaintiffs have again failed to state a claim against CWB, their Amended Complaint should be dismissed with prejudice pursuant to the Court's Order of November 15. Plaintiffs' claims against CWB should also be dismissed with prejudice pursuant to Rule 12(b)(1) because plaintiffs lack standing to bring their Section 11 claims.

## OVERVIEW OF THE AMENDED COMPLAINT

The Amended Complaint was filed on behalf of two distinct groups of plaintiffs: (i) those who bought the stock of SkyPeople on the open market between March 31, 2010 and June 1, 2011 (the "Exchange Act Class") and (ii) those who bought pursuant to a SkyPeople Registration Statement effective August 24, 2010 (the "Secondary Offering Class").[1] *See* Compl. ¶¶ 2-3.

---

[1] The claims of the so-called "Exchange Act Class" and the so-called "Secondary Offering Class" substantially overlap. Both putative classes claim that the 2009 financial statements

A central premise of the Amended Complaint is that a SkyPeople transaction in which SkyPeople acquired Yingkou Trusty Fruits Co., Ltd. ("Yingkou") on November 25, 2009 should have been disclosed as a related party transaction in the footnotes to the December 31, 2009 financial statements (reported on by a successor auditor) which were issued March 31, 2010 – the asserted beginning of the Exchange Act Class Period. *Id*. ¶¶ 7-30. This period ends with the June 11, 2011 disclosure. The Exchange Act Class makes no accusations about the 2008 financial statements and consequently no allegations against CWB. Rather, the only allegation against CWB is made by the Secondary Offering Class, which bought pursuant to the August 2010 Registration Statement. That allegation is an allegation under section 11 of the Securities Act of 1933, which permits a suit against an auditor who makes a false statement in a Registration Statement. (15 U.S.C. § 77k). *Id*. ¶¶ 217-231.

According to the Amended Complaint, SkyPeople's 2008 financial statements overstated SkyPeople's revenue based on a comparison between SkyPeople's Securities and Exchange Commission ("SEC") financial statement filings (prepared under U.S. GAAP) and an admittedly incomplete portion of SkyPeople's subsidiaries' Chinese State Administration for Industry and Commerce ("SAIC") financial statement filings (prepared under Chinese accounting principles)

---

audited by BDO Seidman ("BDO") were false and misleading and both focus on a November 2009 related party transaction which they say should have been disclosed. The "Secondary Offering Class" additionally asserts that it relied on the 2008 audited financial statements in the purchase of stock in August 2010 but its putative class representatives (Padnos) sold his stock as soon as the previously undisclosed related party transaction became generally known in June 2011, suggesting that his claimed reliance on the twenty month old 2008 financial statements was secondary at best. Clearly, the "Secondary Offering" claim requires elements of proof far beyond the claims of the "Exchange Act Class". It also raises significant issues of loss causation, since it is clear that the belated disclosure of the related party transaction is the event that Padnos believes caused his loss, not the supposedly misleading 2008 financial statements.

for the same time period.[2] *Id.* ¶¶ 169-71. Plaintiffs contend that CWB is liable for these alleged misstatements because it provided the Audit Report on the financial statements that were subsequently incorporated into the Registration Statement. *Id.* ¶ 174. In the Audit Report, CWB stated that "[w]e conducted our audit in accordance with the standards of the Public Company Accounting Oversight Board (United States of America)." *Id.* ¶ 175. The Amended Complaint alleges that this was a misstatement within the meaning of the Section 11 because CWB allegedly violated several standards under the PCAOB.

Specifically, CWB failed to obtain "sufficient appropriate evidential matter" in support of the Audit Report in violation of AU Section 150.02. *Id.* ¶ 178. CWB is also alleged to have failed to develop an understanding of SkyPeople's industry and business. *Id.* ¶ 188. The Amended Complaint casts forth what is at best an *ipse dixit* "argument" that CWB must have violated these professional standards because the 2008 financial statements filed with the SEC do not match the financial statements SkyPeople's subsidiaries filed with the SAIC. *Id.* ¶ 189. In addition, CWB is alleged to have failed to exercise "professional skepticism" in violation of AU Section 316.13, although no specific basis is given for this claim. *Id.* ¶¶ 190-95.

BDO, the accounting firm responsible for auditing SkyPeople's 2009 financial statements, is accused of violating the exact same PCAOB standards because SkyPeople's 2009 filings with the SEC also do not match its filings with the SAIC. *Id.* ¶ 184. Therefore, two completely separate auditing firms issuing audit reports for different time periods are alleged to have made identical errors in issuing their audit reports in violation of the exact same auditing standards.

---

[2] Of SkyPeople's subsidiaries' SAIC filings plaintiffs located, "one of the filings was missing, and one of the filings was missing pages . . . ." *Id.* ¶ 35. That plaintiffs accuse SkyPeople of somehow purposefully removing these documents is irrelevant to whether the SAIC filings are more trustworthy than the SEC filings.

## ARGUMENT

### I. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST CWB

#### A. Legal Standard

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a federal court complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955, 1959 (2007) (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (confirming that *Twombly* applies in "all civil actions"). These cases make clear that *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct 99 (1957), is no longer the operative pleadings standard, if indeed it ever was. *Id*. For Rule 12(b)(6) purposes, "[a] claim has facial plausibility when the [plaintiff pleads] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940. (emphasis added). *Twombly's* pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

The Second Circuit has applied the heightened pleading standards under *Twombly* to Section 11 claims. *Garber v. Legg Mason Inc.*, 347 Fed. Appx. 665, 668 (2d. Cir. 2009) (a complaint alleging violations under Section 11 "requires 'more than labels and conclusions'; instead '[f]actual allegations must be enough to raise a right to relief above the speculative level'"), quoting *Twombly*, 550 U.S. at 555 (2007).

### B. The Amended Complaint Fails to Plead a Misstatement with Sufficient Facial Plausibility under *Twombly*

In order to state a claim against an accounting firm under Section 11 based on alleged inaccuracies with the financial statements the accounting firm audited, Plaintiffs must first plead with "facial plausibility" that such inaccuracies exist. *See Garber*, 347 Fed. Appx. at 668 (*citing* 15 U.S.C. § 77k(a)). The sole basis for Plaintiffs' assertion that the 2008 financial statements incorporated into the Registration Statement over reported SkyPeople's earnings is that differences exist between filings SkyPeople made with the SEC and partial filings some of SkyPeople's subsidiaries made with the SAIC. Compl. ¶ 169. These differences are insufficient to support a Section 11 claim for several reasons.

First, the difference between the SEC filings and SAIC filings "is 'merely consistent' with the SEC numbers' being false, and does not suffice to make that claim plausible," as a federal court in California recently observed in addressing the exact same allegations of SEC-SAIC disparity. *Katz v. China Century Dragon Media, Inc.*, No. LA CV11-02769(JAK), 2011 WL 6047093, at *4 (C.D. Cal. Nov. 30, 2011) (dismissing Section 11 claim against company based on differences between SEC and SAIC filings), citing *Twombly*, 550 U.S. at 545. Rather, in order to satisfy *Twombly* pleading standards, the Amended Complaint "must plead with greater specificity to make plausible their claim that the SEC numbers, not the SAIC numbers, are false." *Id*. Here, as in *Katz*, plaintiffs fail to establish the significance of the differences between SkyPeople's SEC and SAIC filings in such a manner as to make it plausible that the SAIC filings were more accurate.[3]

[3] Plaintiffs claim that the Chinese companies face penalties for making false SAIC filings. Compl. ¶ 137. Yet they make no comparison to the penalties associated with making false SEC filings. *See, e.g.,* 15 U.S.C. §§ 77(a),(k),(l) (imposing civil and criminal liability for false and misleading statements in public disclosures). Therefore, the penalties do not lend plausibility to Plaintiffs' argument that the SEC filings are false and the SAIC filings are accurate. Indeed, it

Second, the language of the Registration Statement itself puts investors on notice that the financial statements were prepared in accordance with U.S., and not Chinese, accounting principles and that these divergent principles lead to different results:

> "The consolidated financial statements are prepared in accordance with U.S. GAAP. This basis differs from that used in the statutory accounts of [the SkyPeople entities], which were prepared in accordance with the accounting principles and relevant financial regulations applicable to enterprises in the [People's Republic of China] . . . ." (Costantini Decl., Ex. C, at 46).

As a result of this language, Plaintiffs were on notice that there could be differences with the numbers prepared under the different accounting principles. The allegations of the Amended Complaint, which are assumed true for the sake of this motion only, do nothing more than confirm that indeed there were differences. Plaintiffs should not now be heard to complain about facts they knew, or should have known, upon reading the Registration Statement.[4]

Next, Plaintiffs themselves acknowledge that the SkyPeople's subsidiaries' SAIC filings they obtained from China were incomplete. Compl. ¶ 35. Without all relevant attachments to the SAIC filings, Plaintiffs should not be permitted to maintain an argument that the figures in the subsidiaries' SAIC filing are more accurate than the SEC filings. *Id*. Notably, while plaintiffs rely upon, and attach as an exhibit, SkyPeople's SAIC filings in support of their claims

---

"would be highly concerning for investors if SAIC filings did match a public company's SEC filings. The reason being, China's [SAIC] has no authority in overseeing the financials of a business in China. In that sense, it would be erroneous to refer to SAIC filings as a Chinese company's 'tax authority' and make accompanying accusations regarding tax evasion or use them as a measure of judgment on a company's financial status." Web Newswire, *Benjamin Wey: Expert's Views on SAIC and SEC Filing Discrepancies*, Aug. 11, 2011. Furthermore, "Chinese companies often under-report their profits in the SAIC documents as a way to avoid disclosing their operating size to competitors." Morningstar, *Suspicions Surround China Gerui Seem Baseless, But We Hope To Hear More From Management*, Oct. 28, 2011, *available at* http://www.morningstar.ca/ globalhome/industry/news.asp?articleid=437394.

[4] The Amended Complaint makes numerous references to the Registration Statement and, therefore, the Court may consider the language of the Registration Statement in determining whether to grant CWB's Motion to Dismiss. *See Coppage v. U-Haul Int'l, Inc.*, No. 10 Civ. 8313(RMB), 2011 WL 519227, *2 (S.D.N.Y. Feb. 15, 2011).

against BDO, plaintiffs fail to attach SkyPeople's subsidiaries' filings in support of their claims against CWB for the 2008 financial statements. *Id*. ¶¶ 154, 169. Assuming, *arguendo,* that the Court finds Plaintiffs have sufficiently plead misstatements in the financial statements, they fail to adequately identify what steps CWB failed to take in their audit, except in the most general terms such as failure to gather sufficient audit evidence or exercise professional skepticism.

Finally, plaintiffs specifically disavow that they are pleading a fraud claim against CWB (Compl. ¶ 218), but the allegations are otherwise. *See In re AXIS Capital Holdings Ltd. Sec. Litig.*, 456 F. Supp. 2d 576, 598 (S.D.N.Y. 2006) ("[c]ourts have repeatedly noted that the insertion of a simple disclaimer of fraud is insufficient"); *see In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 635 (S.D.N.Y. 2005), *aff'd*, 553 F.3d 187 (2d Cir. 2009) ("[p]laintiffs cannot evade the Rule 9(b) strictures by summarily disclaiming any reliance on a theory of fraud or recklessness."); *In re Ultrafem Inc. Securities Litigation,* 91 F.Supp.2d 678, 691 (S.D.N.Y. 2000) (same). After pointing to the supposed disparity in the Chinese and American regulatory filings, plaintiffs claim that the relevant accounting principles are the same in marked contrast to the statement in the text of the Registration Statement that says they are not. Compl. ¶ 144-46. Putting aside the contrast and assuming the truth of plaintiffs' statements, it is obvious they are saying that CWB's opinion about conformity with U.S. accounting principles is deliberately false since any other interpretation makes no sense. *See Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("while a plaintiff need allege no more than negligence to proceed under Section 11 and Section 12(a)(2), claims that do rely upon averments of fraud are subject to the test of Rule 9(b)"); *see also Caiafa v. Sea Containers Ltd.*, 331 Fed. Appx. 14, 16 (2d Cir. 2009) (upholding dismissal of Section 11 claims for failure to "state with sufficient particularity the fraud alleged . . ," despite plaintiffs' contention that the Section 11 claims were grounded in negligence).

Accordingly, Rule 9(b) and PSLRA pleading standards should apply, and the pleadings are woefully short of meeting the requisite scienter requirement. *See Rombach*, 355 F.3d at 176 ("the PSLRA requires that plaintiffs 'state with particularity [the] facts giving rise to a strong inference that the defendant acted with the required state of mind'"), *citing* 15 U.S.C. § 78u-4(b)(2).

Even were the Court to find that Rule 9(b) did not apply the plaintiffs' Section 11 claim against CWB, plaintiffs are still required to plead a factual basis for the allegation that CWB did not believe the Audit Report was true at the time CWB issued it. Courts in this Circuit have recognized that "when a plaintiff asserts a claim under section 11 or 12 based upon a belief or opinion alleged to have been communicated by a defendant, liability lies only to the extent that the statement was both objectively false <u>and disbelieved by the defendant at the time it was expressed</u>." *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011), citing *Virginia Bankshares v. Sandberg,* 501 U.S. 1083, 1095–96, 111 S. Ct. 2749 (1991) (emphasis added); *see also In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989 (PAC), 2011 WL 31548, at *8 (Jan. 5, 2011) (dismissing Section 11 claims where complaint failed to allege that defendant did not believe its valuations because "opinions 'are only actionable under the Securities Act if a complaint alleges that the speaker did not truly have the opinion at the time it was made public'"), citing *N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,* No. 08 Civ 5653, 2010 WL 1473288, at *7 (S.D.N.Y. Mar. 29, 2010); *In re AOL Time Warner, Inc. Sec. and ERISA Litig.,* 381 F. Supp. 2d 192, 243 (S.D.N.Y. 2004) (dismissing Section 11 claims in part because plaintiffs failed "to allege any facts, let alone 'provable' 'particularized' facts, that [defendant] did not believe its stated opinion . . ."). Nowhere do plaintiffs even allege that CWB

disbelieved its opinion regarding the 2008 financial statements. Therefore, plaintiffs' Section 11 claims against CWB must be dismissed.

**C. CWB's Alleged Violations of Subjective PCAOB Standards are Insufficient to State a Claim under Section 11**

In order to state a Section 11 claim against an accountant, a claimant must do more than merely identify inaccuracies in the Registration Statement. *See In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 675 (S.D.N.Y. 2007) (partially granting accounting firm's motion to dismiss plaintiffs' Section 11 claims because "the specific allegations of the Complaint fail to support an inference that the year-end results for [the fiscal year at issue] were falsely certified . . ."); *see also In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 560 (N.D. Cal. 2009) (dismissing Section 11 claims against accounting firm in part because "an audit opinion is not a guarantee that the financial statements are entirely without error nor an exact science, and the complaint offers no allegations whatsoever regarding what steps [the accounting firm] did not take or should have taken with respect to the offending asset valuations").

The claimant must provide specific details regarding "which standards [CWB] violated, how the statements made in the audit opinion were false or misleading at the time they were made, what deficiencies existed in the performance of the audit negating a reasonable basis for the audit opinion, and what aspects of the audit were negligently performed". *Dutton v. Harris Stratex Networks, Inc.*, 270 F.R.D. 171, 178 (D. Del. 2010) (dismissing Section 11 claims against accounting firm where plaintiffs failed to provide sufficient detail regarding the alleged wrong doing of defendant accounting firm).

The Amended Complaint, in apparent recognition of the inadequacies of their original complaint, names several generic PCAOB standards both CWB and BDO are alleged to have violated in issuing their Audit Reports. Specifically, CWB and BDO are alleged to have failed

under AU § 150.02 "to obtain 'sufficient appropriate evidential matter' to provide the auditor with a reasonable basis for its opinion." Compl. ¶ 178. CWB and BDO are also alleged to have failed under AU § 315.13 "to exercise 'professional skepticism,'" particularly given the unique circumstances surrounding SkyPeople and its industry. *Id*. ¶¶ 190-95. Yet as Judge Kaplan of the Southern District of New York previously recognized, such standards "are couched in rather general and in some cases inherently subjective terms." *In re Lehman Brothers Sec. and ERISA Litig.*, No. 08 Civ. 5523(LAK), No. 09 MC 2017(LAK), 2011 WL 3211364, at *27 (S.D.N.Y. July 27, 2011) (partially dismissing claims against auditor based on alleged violations of subjective standards such as "due professional care", "professional skepticism" and "assess the risk of material misstatement due to fraud"). As a result of the use of these subjective terms, Judge Kaplan concluded that "[b]earing in mind that [the defendant accounting firm's] GAAS opinion, just like those rendered by all or substantially all accounting firms, is explicitly labeled as just that—<u>an opinion that the audit complied with these broadly stated standards</u>—more is necessary to make out a claim that the statement of opinion was false than a quarrel with whether these standards have been satisfied." *Id*. (emphasis added).[5]

Plaintiffs' "arguments" regarding CWBs' alleged failures to comply with PCAOB standards are just another way of saying that "CWB provided a clean Audit Report for FY 2008" when the 2008 financial statements actually overstated SkyPeople's earnings ( ¶ 174), and, therefore, SkyPeople must have performed their audit incorrectly. Yet as Judge Kaplan concluded in *In re Lehman Brothers*, such circular reasoning is insufficient to state a claim under Section 11. 2011 WL 3211364, at *27 ("Although plaintiffs do not say so in as many words,

---

[5] The affirmative defense of "reasonable investigation" available to an auditor charged with a Section 11 violation makes specification crucial. In order to mount his defense, the auditor must know more than the vague generalities offered by plaintiffs here.

their position amounts to the proposition that a complaint that alleges that an auditing firm issued a 'clean' audit opinion in circumstances in which one might conclude that the audit had not been conducted in accordance with PCAOB standards sufficiently alleges a false statement even if others reasonably might have agreed with the auditor. That argument is not persuasive").

The Amended Complaint does not even attempt to distinguish which standards CWB violated from which standards BDO violated. Instead, Plaintiffs resort to group pleading, asserting that both accounting firms must have violated identical PCAOB standards because the GAAP financial statements for both 2008 and 2009 were inconsistent with SAIC regulatory filings. Such generic pleading, without more, is insufficient to state a claim for accountant liability under Section 11. Indeed, the fact that two independent auditing firms issued similar audit reports lends credence to the notion that neither firm violated the PCAOB standards. *Id*.

### D. Reasonableness is an Affirmative Defense, not an Independent Basis for a Claim Under Section 11

Under their Section 11 clam, Plaintiffs allege that Defendants (including CWB) owed them a "duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus" and that defendants failed to make such a "reasonable investigation or possessed reasonable grounds for the belief that the challenged statements contained in the Registration Statement and Prospectus were true . . ." Compl. ¶¶ 225-26. Nowhere do Plaintiffs identify where this duty arises from, either statutorily or otherwise, nor could they. Rather, Section 11 limits an expert's liability to statements in their own report. *See, e.g.* 15 U.S.C. § 77k(a)(4). "Reasonable investigation" is an affirmative defense to allegations under Section 11(a) and cannot serve as an independent basis for a cause of action. *See* 11 U.S.C. § 77k(b)(3); *see also Adair v. Kayer Kotts Associates Inc.*, No. 97 Civ. 3375, 1998 WL 142353, at *5 (S.D.N.Y. Mar. 27, 1998) (Sotomayor, J.) ("plaintiffs suggest that Section 11(b) is

an independent basis for liability under the Securities Act. However, as enacted, Section 11(b) is an affirmative defense to liability under Section 11(a)").

**E. Plaintiffs' Section 11 Claim Against CWB Should Be Dismissed For Lack of Standing**

A Court should grant a motion to dismiss where the Court lacks subject-matter jurisdiction over plaintiffs' claims. Fed. R. Civ. P. 12(b)(1). As set forth in Defendant BDO's Memorandum of Law in Support of Defendant BDO Limited's Motion to Dismiss Consolidated Amended Class Action Complaint, which defendant CWB incorporates hereto by reference, plaintiffs lack standing to bring a section 11 claim because they fail to allege that their purchase of SkyPeople's common stock was made pursuant to and traceable to the Registration Statement. Therefore, the Court lacks subject-matter jurisdiction over plaintiffs' Section 11 claims, and as a result, dismissal is warranted.

**F. The Amended Complaint Should Be Dismissed With Prejudice**

Because of the procedure employed by the Court, plaintiffs have had an opportunity to preview the arguments set forth in this Motion to Dismiss and to amend their complaint accordingly in order to strengthen their arguments and satisfy the requisite pleadings requirements. The Court has specifically advised that a failure to take advantage of the opportunity could result in a dismissal with prejudice. Yet, as described above, the Amended Complaint lends no further plausibility to plaintiffs' claims against CWB. As a result, giving plaintiffs any additional opportunity to amend their complaint would be futile and a waste of judicial resources. *See Henry v. Davis*, No. 10 Civ. 7575 (PAC) (JLC), 2011 WL 5006831, at *3 (S.D.N.Y. Oct. 20, 2011) ("Where a complaint has substantive problems, which a better pleading will not cure, granting leave to replead is futile"), citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000). Therefore, plaintiffs' amended complaint should be dismissed with prejudice, at least with regards to the claims against CWB.

## CONCLUSION

Based on the forgoing, the Amended Complaint should be dismissed with prejudice.

Dated: New York, New York
December 21, 2011

DUANE MORRIS LLP

/s/ Anthony J. Costantini
Anthony J. Costantini (AJC 6633)
Marvin G. Pickholz (MP 7097)
Susan Jo (SJ 1974)
Kevin P. Potere (KP 7711)
1540 Broadway
New York, NY 10036
Telephone: 212-692-1000
Facsimile: 212-692-1020

*Attorneys for Defendant Child Van Wagoner & Bradshaw, PLLC*